# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GRAY, <br><br> Plaintiff, <br> vs. <br><br> TALK FUSION, INC. et al., <br><br> Defendants. | CASE NO. 15cv2665-LAB (JLB) <br><br> **ORDER VACATING HEARING, AND REQUIRING SUPPLEMENTAL BRIEFING ON PERSONAL JURISDICTION** |

On calendar for Monday, May 16, 2016 is a hearing on motions to dismiss, to transfer venue, and to stay. (Docket nos. 10, 11, 12, and 15.) Defendants have also moved *ex parte* for oral argument on these motions. (Docket no. 29.)

Normally, the Court would address the threshold issue of personal jurisdiction first. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 f.3d 1124, 1135 (9th Cir. 2010) ("[P]ersonal jurisdiction is a threshold issue in every lawsuit and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect."). But here, Plaintiffs' briefing is not very helpful, and the Court believes that oral argument would likewise not be helpful.

The problem is that, although Defendants cited and relied on the standards for personal jurisdiction discussed in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011) and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), Plaintiff cited and relied

on older Ninth Circuit standards that *Goodyear* and *Daimler* have explained are invalid,[1] and failed to discuss or even mention these two cases. Three of the four Defendants are located in the Middle District of Florida. The fourth, Mane World Promotions, Inc., is located in Oregon. None are alleged to have any offices or other permanent operations in this District or in California. Instead, Plaintiffs rely on several of the Defendants' business activities in California generally. This is essentially the old "doing business in" standard for general jurisdiction that *Goodyear* and *Daimler* explained is not valid. Instead, the standard requires that a defendant's contacts with the forum state be so continuous and systematic as to render them "essentially at home in the forum state." *Daimler*, 134 S.Ct. at 754 (quoting *Goodyear*, 131 S.Ct. at 2851). The "essentially at home" part of this test is crucial; continuous and systematic contacts, by themselves, are not enough. *Daimler*, 134 S.Ct. at 761. *See also id.* at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with doing business'. . . .")

Plaintiff's briefing also relies on specific jurisdiction, contending that Defendants aimed or directed their activities at this forum. Plaintiff's claims are based on his investment in an allegedly fraudulent pyramid scheme that Defendants disguised as a business opportunity. His theory seems to be that because he lives here, entered into the agreement here, and suffered financial loss while living here, there is specific personal jurisdiction here.[2]

Neither the complaint nor the briefing explain what Defendants did to aim their activities at this forum. For example, there is no allegation that one of their representatives held a meeting here where Plaintiff was enticed to invest in their scheme. Nor is there any allegation that Defendants targeted Plaintiff particularly (as opposed to advertising their

---

[1] The only post-*Goodyear* decision Plaintiffs cited is *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011), though Plaintiffs relied on it for principles that *Goodyear* and *Daimler* left unaltered.

[2] This is a putative class action, but no class has been certified and no class members besides Gray have been identified. It is uknown where other class members live, how they came to do business with Defendants, or whether Defendants in any way aimed their activities at these putative class members.

- 2 -   15cv2665

business opportunities to a nationwide audience). Merely marketing products to a nationwide audience, without more, will not support specific personal jurisdiction. *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 459 (9th Cir.2007) ("The placement of a product into the stream of commerce, without more, is not an act purposefully directed to a forum state.") There are plenty of factual allegations about other things Defendants did in California, but nothing about what they did here that harmed Plaintiff or gave rise to his claims.

A secondary problem is that Defendants' in-forum activities are not always broken down by Defendant. As *Daimler* made clear, one defendant's in-forum activities are not necessarily attributable to another defendant for purposes of establishing personal jurisdiction. Here, Defendants Robert Reina and Talk Fusion Worldwide, Inc. have argued that Talk Fusion Inc.'s activities in California are not attributable to them. Defendant Mane World points out Plaintiff has not alleged it did anything at all in California, and denies even having any contacts here. (*See* Docket no. 10-1, at 1:21–24.)

Additionally, neither the complaint nor the briefing focuses on this District, as opposed to California generally. The only alleged contact with this District is whatever business Defendants did with Plaintiff himself.

In light of this, holding argument now would not be useful, and the Court **VACATES** the hearing currently on calendar for Monday, May 16, 2016. Plaintiff is **ORDERED** to file supplemental briefing addressing the factual basis for general or specific personal jurisdiction over each Defendant, in light of *Goodyear* and *Daimler*. No later than **May 26, 2016**, he must file his memorandum of points and authorities, not longer than seven pages. The page limit does not include any appended or lodged material. If they wish, Defendants may file a joint reply brief, subject to the same page limit, by **June 2, 2016**. After the briefing

/ / /

/ / /

/ / /

/ / /

is filed, this matter will remain under submission on the papers. The Court will schedule argument at a later date if appropriate.

**IT IS SO ORDERED**.

DATED: May 11, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge