# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GRAY, <br><br> Plaintiff, <br> vs. <br><br> TALK FUSION, INC. et al., <br><br> Defendants. | CASE NO. 15cv2665-LAB (JLB) <br><br> **ORDER GRANTING DEFENDANTS' REQUEST TO TRANSFER VENUE** <br><br> **[DOCKET NUMBERS 10, 11, 12, 15.]** |

Now pending before the Court are four motions: a motion by specially-appearing Defendant Mane World Promotion, Inc. to dismiss for lack of personal jurisdiction (Docket no. 10); a motion by Defendants Robert Reina, Talk Fusion Worldwide, Inc., and Talk Fusion, Inc. to change venue (Docket no. 11); a motion to dismiss for lack of jurisdiction by the same three Defendants (Docket no. 12); and a motion to stay (Docket no. 15). After those motions were fully briefed, the Court determined that Plaintiff Dennis Gray had failed to address personal jurisdiction. On May 11, the Court therefore issued an order (Docket no. 34) vacating the hearing, and ordering Gray to file supplemental briefing.

**Personal Jurisdiction**

The May 11 order pointed out specific deficiencies in Gray's responses. In particular, Gray had relied on the old "doing business in" standard for personal jurisdiction that the Supreme Court rejected in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct.

2846 (2011) and *Daimler AG v. Bauman,* 134 S.Ct. 746 (2014). As the party asserting personal jurisdiction, Gray bears the burden of establishing that it is proper. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001). For purposes of resolving the motions to dismiss, the Court accepts as true all factual statements in the affidavits Gray has submitted. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

According to the amended complaint, Talk Fusion is involved in marketing a video conferencing platform. It sells business opportunities to members of the public, who become its independent associates and who in turn are supposed to recruit other associates. Gray alleges that the conferencing software didn't work well, and that better conferencing services were available free of charge. He alleges that the "business opportunity" required associates to buy materials, and that in reality they have little chance of recouping their investment.

Three of the four Defendants are located in the Middle District of Florida. The fourth, Mane World Promotions, Inc., is located in Oregon. None were alleged to have any offices or permanent operations in this District, nor to have directed their activities towards this District in any way, so as to create general or specific personal jurisdiction here. The only mention of California at all pertained to Defendants' contacts with other Districts. The Court noted it was obligated to address the threshold issue of personal jurisdiction first. Gray has now filed his response, and Defendants have filed their replies to it.

Gray's response is voluminous — 413 pages, including exhibits — but only marginally more helpful than his earlier briefing. As an initial matter, it fails to mention either *Goodyear* or *Daimler*, and does not attempt to show why the facts it points to meet the standard the Supreme Court set down there.

Even before *Goodyear* and *Daimler*, the response would have been inadequate. It ignores a number of points the Court ordered Gray to address. For example, it refers to the various Defendants separately and amalgamates their activities in an effort to show that they collectively had sufficient contacts with California. (*See* May 11 Order at 3:8–14 (ordering Gray to break down in-forum activities by Defendant).) He also counts all contacts with the

1 general public as being directed at California.  And he treats all of California as falling within this District.  (*See id*. at 3:15–17 (ordering Gray to focus on activities within this District, as opposed to California generally).)  The brief relies more on conclusions and generalized characterizations of the facts, than on the facts themselves.

In *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000), the Ninth Circuit held that where a non-resident is not physically in the forum, only "individualized targeting" can justify exercising specific jurisdiction.  Individualized targeting requires that the non-resident defendant know that the plaintiff is a resident of the forum.  *Id*. at 1087.  Since then, the Supreme Court has tightened up the requirements.  *See Walden v. Fiore*, 134 S.Ct. 1115, 1121–23 (2014).  For example, it explained that the relationship giving rise to specific jurisdiction must arise from contacts the defendants themselves create within the forum.  *Id*. at 1122.  And the analysis looks to defendants' own contacts with the forum, not their contacts with people who reside there.  *Id*.

With regard to specific jurisdiction, the essential facts[1] are these: Minn Ho, an out-of-state representative of Talk Fusion, contacted Gray by email. (Gray Decl., Docket no. 35-3, ¶ 4.) Gray was at his home in Oceanside, California when he opened the email. (*Id*.) He called Minh Ho, who invited him to Las Vegas to hear about Talk Fusion. (*Id*.) After signing up in Las Vegas. Gray returned home and interacted with Talk Fusion online, which included participating in nationwide online seminars. (*Id*., ¶¶ 5–9.) Gray himself tried to recruit others in this District. (*Id*., 10–13.) Gray attended one Talk Fusion recruiting event in Irvine, California. (*Id*., ¶ 14.)

Gray does not say Minh Ho knew where Gray was living, or where he would access the email. But even if Minh Ho did know this, Gray does not allege the phone call forms a part of his claims; at most, it is a precursor to wrongful acts that took place later.  Nor does he allege that Minh Ho or Talk Fusion aimed any other wrongful activities at him while he was in California.  He does not allege that any of his claims arise out of his attendance at the

---

[1] The response recites a great deal of facts, not all of which are borne out by the supporting declarations.

Irvine meeting or any other of Talk Fusion's in-state activities. Rather, Talk Fusion's allegedly wrongful acts against Gray are alleged to have taken place in Nevada, and in webcasts and other online communications originating from Florida and directed to a mass nationwide audience. Gray's own in-forum activities are not attributable to Talk Fusion, or any of the other Defendants. *See Walden*, 134 S.Ct. at 1122. Furthermore, Gray does not allege that any of the other Defendants aimed their activities at California, or even that they had any contact with him. Even if the Court could exercise specific personal jurisdiction over Talk Fusion, it cannot exercise jurisdiction over the other Defendants.

With regard to general jurisdiction, Defendants' contacts boil down to a series of discrete activities. These include:

- Talk Fusion hired an online marketer, Adam Broker, who resides in Riverside County, California. (Broker Decl. (Docket no. 35-1), ¶¶ 1, 6.)
- Talk Fusion held a leadership workshop in Newport Beach, California in April of 2014. (*Id.*, ¶ 8.)
- Broker recruited two celebrities to promote Talk Fusion. The celebrities live in the Central District of California. (*Id.*, ¶¶ 15, 18, 22.)
- People working for or connected to Talk Fusion contacted or communicated with Broker by phone or online while he was in California. (*Id.*, ¶¶ 6, 22.)
- Talk Fusion sent announcements via email to its associates, some of whom were in California. (*Id.*, ¶ 9.)
- Talk Fusion is heavily promoted online. (*Id.*,¶¶ 17; Decl. of Geoff Spreter, ¶ 8.)
- The website of a television news station in San Diego printed a Talk Fusion press release. (Spreter Decl., ¶ 9.)
- Talk Fusion does business with its independent associates, who in turn promote Talk Fusion, including within California. (*Id.*, ¶ 6.)
- Minh Ho, a Talk Fusion representative who lives in Oregon, emailed Gray and invited him to Las Vegas. Gray read the email in California. (Gray Decl., ¶ 4.)

/ / /

1 • Talk Fusion issued a press release, which was published on a San Diego television station's website. (Gray Decl., ¶¶ 6–9, Spreter Decl., ¶¶ 9–10.)

• Defendants targeted their "SEO search engine websites at specific geographic areas in this forum . . ." (Spreter Decl., ¶ 15.)[2]

The response mentions a number of other facts, but these suffice to show the kind and range of contacts Gray is relying on to establish general jurisdiction.

Under *Goodyear*, *Daimler*, and their progeny, the standard for general jurisdiction is quite high; its contacts must be so systematic and continuous as to render it "essentially at home" in the forum. *Daimler*, 134 S.Ct. at 761. In *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074–75 (9th Cir. 2011), the Ninth Circuit explained that "a few discrete acts over a relatively short period of time" will not suffice. Marketing to forum residents is also insufficient, unless it leads in turn to "substantial and continuous commerce with the forum". *Id*. at 1075. A non-resident's interactive website is also insufficient. *Id*. Even all three combined are not enough. *Id*. Sizable sales or customer bases are also not enough. *Daimler*, 134 S.Ct. at 761.

Essentially, Talk Fusion was marketed to a nationwide audience, and heavily promoted itself online. It relied on independent associates to recruit others, which they did, resulting in nationwide recruitment. Gray has not attempted to show that Talk Fusion's associates were its agents for purposes of personal jurisdiction, or that Talk Fusion directed them where to recruit. *See Daimler*, 134 S.Ct. at 759–60 (rejecting exercise of general jurisdiction based on the presence of independent contractors, subsidiaries, or distributors). By Gray's account, Talk Fusion dealt with associates across the U.S., without focusing on any particular region or state. If Talk Fusion is "at home" in California, then it is likely "at home" in every other state as well. *See id.* (noting with disapproval that the plaintiff's analysis would have resulted in Daimler being "at home" in every state).

/ / /

---

[2] It's not clear what Gray meant to cite here, but the document he provides is the web page of one of Talk Fusion's independent associates, who apparently was trying to recruit new associates in California. (Spreter Decl., Ex. F.)

In short, Gray's response falls far short of showing Defendants are "essentially at home" in this forum, as is now required for general jurisdiction. He appears to be relying on the older, pre-Goodyear and pre-Daimler standards applied by some courts — though even under those standards he fails to establish general personal jurisdiction over Talk Fusion. With regard to the other three Defendants, his showing is even less adequate.

Gray has therefore not met his burden of establishing either specific or personal jurisdiction over Defendants.

**Transfer**

Defendants are also attempting to enforce a choice of venue provision in Gray's associate agreement. Rather than demanding outright dismissal, Defendants asked that this action be transferred to the Middle District of Florida, Tampa Division, where they concede venue is proper. (Docket no. 11.) But transfer as a remedy is not limited to their venue motion. In their motion to dismiss, too, Defendants Reina, Talk Fusion Worldwide, Inc., and Talk Fusion, Inc. suggest this transfer, rather than outright dismissal. (Docket no. 12, 15:1–2.) Mane World joined, consenting to jurisdiction in Florida. (Docket no. 14.)

The Court may transfer the action to another court where it might originally have been brought, in order to cure a lack of personal jurisdiction. *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 and n.4 (9th Cir. 1983). Transfer, rather than outright dismissal, is preferable here. *See Mackey v. United States*, 79 F. Supp. 3d 57, 59 (D.D.C., 2015) (ordinarily, transfer is preferable to dismissal, particularly where it removes procedural obstacles such as lack of personal jurisdiction).

**Conclusion and Order**

For the reasons set forth above, the Court finds it lacks personal jurisdiction over Defendants, but the U.S. District Court for the Middle District of Florida would have personal jurisdiction over them. Moreover, venue would be proper there.

The motions to dismiss for lack of jurisdiction are therefore **GRANTED IN PART**. This action is **ORDERED TRANSFERRED** to the Middle District of Florida (Tampa Division). The Court need not reach the issue of whether the choice of venue provision should be enforced,

and the motion to transfer venue is therefore **DENIED AS MOOT**. The motion to stay is also **DENIED AS MOOT**. All other pending requests are **DENIED AS MOOT** and all dates are **VACATED**.

    **IT IS SO ORDERED**.

DATED: August 15, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge